**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Case No. 7:24-CR-10** |
| | ) | |
| **JESSE LAMONT JONES** | ) | |
| | ) | |
| **Defendant.** | ) | |

## JESSE JONES'S SENTENCING MEMORANDUM

Jesse Lamont Jones comes before the Court charged with violating his supervised release. By way of background, on March 21, 2024, this Court found Mr. Jones guilty of misdemeanor Driving Under the Influence. He was sentenced to time served and one (1) year of supervised release. As part of Mr. Jones's supervised release, he was not to violate a state or federal law. In addition, Mr. Jones was to refrain from the use of alcohol.

On August 8, 2024, Mr. Jones was arrested by the Alta Vista Police Department and charged with Driving Under the Influence-Second Offense, with an Elevated BAC. Mr. Jones was released on bond to the federal detainer on August 16, 2024. He has remained in federal custody since then. Mr. Jones's violation warrant alleges violations of two conditions. One, he was not to commit another state or federal crime. Two, he was to refrain from using alcohol. Mr. Jones's arrest for DUI clearly means he has violated his conditions. Based on the grade of his violation (Grade C) and his criminal history category, Mr. Jones faces possible incarceration of three (3) to nine (9) months if his

1

supervision is revoked. However, the Court has the discretion not to revoke Mr. Jones's supervised release and sentence him to a term of incarceration.

Since Mr. Jones last appeared before the Court, he has endured a torrid time. Initially, Mr. Jones had planned to avail himself of inpatient substance abuse treatment. Due to past interactions with the Veterans' Administration facilities, Mr. Jones felt it best to pursue other treatment avenues. However, Mr. Jones ran into complications with his insurance that were out of his control. Jerod Mabry with the Hope Initiative worked diligently to untangle the insurance mess. However, these efforts proved unsuccessful. By the time the insurance situation was resolved, Mr. Jones had served so much time that it was more sensible to seek treatment options that would potentially resolve his supervised release violation in a fruitful manner.

If convicted in state court, Mr. Jones faces roughly forty-five (45) days of mandatory incarceration, plus the possibility of additional jailtime. This factor is critical to understanding the dearth of treatment options available to Mr. Jones. Any long-term treatment facility (more than twenty-eight days) will not accept Mr. Jones due to his potential state sentence. The rationale is that a forty-five-day absence is such a disruption to the treatment regime that it is not "worth it" to accept Mr. Jones. This Counsel inquired as to the possibility of Veterans' Treatment being an option. Counsel was informed that Mr. Jones was not a good candidate due to his state sentence and would not be accepted. The rational for denial was much the same as the private treatment facilities.

Probation has worked tirelessly to resolve the state sentence issue by pressing the Commonwealth Attorney to writ Mr. Jones to state custody to resolve his state case so

that long-term treatment can become a viable resolution to this violation. However, the Commonwealth Attorney refuses to bring Mr. Jones into state court. Mr. Jones has already missed state court dates simply because the Commonwealth Attorney will not writ him to state court. The US Attorney in this case specifically requested a writ be issued so that Mr. Jones would be brought to state court for a November court date. However, that request was ignored. Mr. Jones now has a February 4, 2025, state court date. However, based on the state's history with him, he will not attend that date if he remains in federal custody.

As of December 18, 2024, Jesse Lamont Jones will have been in federal custody four months and three days. Stated differently, he has spent one quarter of his supervised release time in pretrial custody for a Grade C violation; a violation that does not require incarceration. Mr. Jones's looming state sentence means that any long-term treatment is impossible until he resolves his state case. The Commonwealth Attorney's refusal to writ Mr. Jones, despite requests from both probation and the US Attorney, means that Mr. Jones will continue to languish in jail under pretrial status on this violation. In short, the only way for Mr. Jones to resolve his legal issues is to be released from federal custody. Mr. Jones has already served more than the minimum guideline incarceration for his violation. Again, a Grade C violation for which the Court is not required to incarcerate him.

Jesse Lamont Jones humbly requests that the Court release him on time served based on his service of more than the low-end guideline recommended sentence for his

3

violation. Regarding continued supervised release, Mr. Jones would leave that to the discretion of the Court.

Respectfully submitted,

JESSE LAMONT JONES
By Counsel

s/Dustin J. Franklin
Dustin J. Franklin, Esq.
Tennessee Bar No. 032583
Assistant Federal Public Defender
Office of the Federal Public Defender
210 First Street SW
Suite 400
Roanoke, VA 24011
Tel ((540) 777-0880

## CERTIFICATE OF SERVICE

I certify that on December 17, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the United States Attorney's Office for the Western District of Virginia.

s/Dustin J. Franklin
Assistant Federal Public Defender

4